UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CINDI DEGEYTER, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>RESOURCE MARKETING CORPORATION LLC, a Delaware company,<br><br>        Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Cindi Degeyter ("Plaintiff Degeyter" or "Degeyter") brings this Class Action Complaint and Demand for Jury Trial against Defendant Resource Marketing Corporation LLC ("Defendant RMC" or "RMC") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff Degeyter, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.      Plaintiff Cindi Degeyter is a resident of Magnolia, Texas.

2.      Defendant RMC is a Delaware registered company headquartered in Ballston Lake, NY.  Defendant RMC conducts business throughout this District and throughout parts of the U.S.

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant since the Defendant conducts business in this District and specifically marketed to Plaintiff within this District. Venue is proper in this District since Plaintiff resides in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in January 2021 alone, at a rate of 129.6 million per day. www.robocallindex.com.

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16. RMC generates leads for solar and mortgage companies through the use of telemarketing.[3]

17. RMC places a call to a consumer, qualifies the consumer, and then performs a live call transfer to one of its business clients.[4]

18. As RMC states on its website, "Essentially, we take a ***cold lead***, warm it up and only transfer it to you when it's hot!"[5] (emphasis added)

19. True to the above statement, RMC employees have complained online about the quality of the leads RMC provides to them. For example:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.resourcemarketingcorp.com/
[4] Id.
[5] https://www.resourcemarketingcorp.com/strategy

3

**Still trying to perfect their wheel**

Inside Sales Representative (Former Employee) - Clifton Park, NY - October 24, 2019

Not a difficult job but things about the company made it difficult working there. It seems they look for ways to take the commissions you earned away from you for nonsense reasons. Policies, and rules change as frequently as the metrics. Very high volume call center focused on outbound dialing. Not enough fresh data and were seemingly calling people who had asked to no be called or were on the DNC list. Very limited opportunities for growth nd advancement. Made good money at times working part time when commissions were paid properly. [6]

**Terrible leads, poor training.**

Customer Service Representative (Former Employee) - Clifton Park, NY - March 19, 2020

Calling outdated leads with minimal Company support. No flexibility with schedule, penalized for attending doctors appointment and court. Zero appreciation for effort. [7]

**Was a fun work place but placed too much pressure about sales**

Sales agent (Former Employee) - Clifton Park, NY - February 9, 2019

It was a great opportunity with lots of room to grow. Ultimately if you do not reach a standard for sales they will let you go. Main flaw of the job is the unfair amount of pressure placed on you to get sales by making many many cold calls every day [8]

20. In placing unsolicited calls to consumers, RMC is placing multiple calls to phone numbers that are registered on the DNC, such as Plaintiff's residential phone number.

21. As a means of distancing itself from the telemarketing it conducts, RMC telemarketers place calls using the name "Solar Eligibility Service" or "Solar Eligibility" or other similar names.

22. The SolarEligibilityService.com website clearly states that Solar Eligibility Service is affiliated with RMC:

---

[6] https://www.indeed.com/cmp/Resource-Marketing-Corporation/reviews
[7] Id.
[8] Id.

4

> SolarEligibilityService.com is affiliated with Resource Marketing Corp., a Delaware corporation with its headquarters in Clifton Park, New York and maintains an online marketplace that helps match businesses that provide residential mortgages, debt financing and other financial products and services to consumers who have expressed an interest in seeking such products and services. SolarEligibilityService.com is an independent third party verification service that is dedicated to combating fraud and protecting consumer privacy. When consumers seeking financial products and services submit their information through websites prominently displaying the SolarEligibilityService.com logo, we will collect and use personal information about you to respond to your request for such products and services. SolarEligibilityService.com also provides a mechanism for consumers to report fraud or violations of their privacy. [9]

23. A consumer on 800notes.com posted the following, connecting Solar Eligibility Service to RMC:

**Rick**
6 Aug 2019

It's Clifton Park NY [Albany area] based Resource Marketing Corp dba Solar Eligibility Service. RMC when it's telemarketing for re-fi leads uses "Resource Corp" to make it hard to learn who's really calling. RMC dba SES ran ad for solar sales rep on simply hired = how to find them. RMC uses local # spoofing.

Caller: Resource Marketing Corp [10]

24. As per the above post from a consumer, Google shows that RMC posted ads for employees under the name "Solar Eligibility Service (RMC)":



www.indeed.com › q-Solar-Door-Door-Marketing-Repres...
**Solar Door Door Marketing Representative Jobs, Employment ...**
Solar Sales Representative. **Solar Eligibility** Service **(RMC)** ... **Resource Marketing Corporation(RMC)** is one of the fastest growing Marketing Companies in the.

www.indeed.com › q-Solar-Supply-l-Thornton,-CO-jobs
**Solar Supply Jobs, Employment in Thornton, CO | Indeed.com**
**Solar Eligibility** Service **(RMC)**. Denver, CO. $45,000 - $90,000 a year. Solar Representatives with at least 1 year of solar background! Conversationalist with ... [11]

25. There are many complaints posted online about calls that are being placed by RMC, including complaints using the d/b/a Solar Eligibility Service such as:

---

[9] https://www.solareligibilityservice.com/privacy-policy
[10] https://800notes.com/Phone.aspx/1-310-881-8625
[11] Google.com search – "Solar Eligibility Service" & "RMC"

- "'Solar Eligibility Service' selling leads to Sunrun, Momentum Solar, Sungevity, and "others. F caller says they are a 'match making service.'"[12]
- "Solar Eligibility spam call. Already under contract with Tesla for solar installation. Asked them to remove my number."[13]
- "Unsolicited call"[14]
- "These folks have repeatedly called me despite my request that they stop. I do not need their services… They also call me from a spoof number (a number that spammers use where they match your area code of your phone. Joke is one them, I dont live anywhere near the area code my phone is from. These are unethical marketing and advertising techniques and I INSIST i be removed from their database and no longer contacted."[16]
- "This company is a robo-caller spammer through telemarketing. It calls numbers that are already on the do not call list. This is in direct violation of the FTC rules of not telemarketing/calling/texting people on the do not call list. Most legitimate companies don't call if your number is on the Registry. If a company is ignoring the Registry, there's a good chance that it's a scam."[17]

26. In response to these calls, Plaintiff Degeyter files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF DEGEYTER'S ALLEGATIONS**

27. Plaintiff Degeyter registered her phone number on the DNC on March 21, 2019.

28. Plaintiff Degeyter's phone number is not associated with a business and is used for personal use only.

29. On February 7, 2020, Plaintiff Degeyter received an unsolicited phone call from Defendant using phone number 855-483-4678.

30. When Plaintiff answered this call, the agent identified the company as Solar Eligibility Services.

31. The purpose of the call was to qualify Plaintiff for solar panels.

32. Plaintiff told the agent that she was not interested and ended the call.

33. Phone number 855-483-4678 is associated with Defendant RMC:

---

[12] https://800notes.com/Phone.aspx/1-310-881-8625
[13]13 https://800notes.com/Phone.aspx/1-312-598-2390
[14] https://www.shouldianswer.com/phone-number/2105478993
[16] https://www.bbb.org/us/ny/clifton-new-york/profile/sales-organization/resource-marketing-corp-0041-235988888/complaints
[17] *Id.*

6

> **Growth Marketing Company**
> Resource Marketing Corporation, LLC
> Nov 2016 – Present · 4 yrs 1 mo
> Clifton Park, NY
>
> RMC is recruiting top talent for full-time and part-time positions in their state of the art call center located in Clifton Park, NY. The company has experienced explosive growth since its inception in November, 2016. Tripling in size, the company's top priority is recruiting outstanding talent to continue its mission to become the premiere live call transfer center in the country. RMC is serving mortgage lending, solar energy, home security, tax relief and credit repair industries with more in the pipeline.
>
> Sales agents with RMC earn a base salary plus commission. RMC prefers agents with previous sales and or call center experience. All with energy, drive and talent are encouraged to apply. Complete training is provided. Career advancement is very rapid at Resource Marketing Corp. The company's continuing expansion creates the need for more managerial and leadership positions. To apply visit Resourcemarketingcorp.com/careers or call 855-483-4678 ext. 1014 to schedule an interview.

[18]

34.     On February 10, 2020, Plaintiff Degeyter received a second unsolicited call from Defendant, this time using phone number 832-241-0103.

35.     When the Plainitiff answered the call, the agent used the company name Solar Eligibility.

36.     Plaintiff told the agent that her phone number is registered on the National Do Not Call registry and hung up the phone.

37.     The phone number 832-241-0103 is not in service.

38.     Plaintiff Degeyter has never provided her phone number to RMC or any of its affiliates.

39.     The unauthorized solicitation telephone calls that Plaintiff received from RMC, as alleged herein, have harmed Plaintiff Degeyter in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on

---

[18] https://www.linkedin.com/in/resource-marketing-corporation-llc-b9177415b/

the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

40. Seeking redress for these injuries, Plaintiff Degeyter, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing calls to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

41. Plaintiff Degeyter brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims it obtained the person's number in substantially the same manner it obtained Plaintiff's number.

42. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Degeyter anticipates the need to amend the Class definitions following appropriate discovery.

43. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant RMC systematically made multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make the calls;

(b) whether Defendant RMC's calls to Plaintiff and other consumers were made for telemarketing purposes;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

45. **Adequate Representation**: Plaintiff Degeyter will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Degeyter has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Degeyter and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Degeyter nor her counsel have any interest adverse to the Class.

46. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Degeyter. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of

the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

47.  Plaintiff Degeyter repeats and realleges paragraphs 1 through 46 of this Complaint and incorporates them by reference.

48.  The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49.  Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

50.  Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51.  Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

52.  As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter

alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

53. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Degeyter, individually and on behalf of the Class, prays for the following relief:

54. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Degeyter as the representative of the Class; and appointing her attorneys as Class Counsel;

55. An award of actual and/or statutory damages and costs;

56. An order declaring that Defendant's actions, as set out above, violate the TCPA;

57. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

58. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Degeyter requests a jury trial.

DATED this 10th day of February, 2021.

By: /s/ *Robert A. McLauchlan*

Robert A. McLauchlan, MD, JD
The Law Offices of Robert A. McLauchlan 1409 Harborside Dr.
Galveston, TX 775509
Telephone: (512) 339-4100
Robert.A.McLauchlan@gmail.com


Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.

400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice motion forthcoming*