**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

**CINDI DEGEYER, individually**
**and for others similarly situated**
    **Plaintiff/Counter-Defendant,**

**v.**                                         **CASE NO. 4:21-CV-00467**

**RESOURCE MARKETING**
**CORPORATION, LLC**
    **Defendant/Counter-Plaintiff.**
_____/

**INITIAL DISCLOSURES – RESOURCE MARKETING CORPORATION, LLC**

The Defendant-Counter Plaintiff, Resource Marketing Corporation, LLC ("RMC"), provides these initial disclosures in accordance with FRCP 26(a).

**RESERVATIONS**

RMC makes these initial disclosures based on information reasonably available to it at this time. RMC's investigation is ongoing, and it expressly reserves the right to amend or to supplement these disclosures based on additional information obtained through formal discovery, continued investigation, or other means.

By making these disclosures, RMC does not represent that it is identifying every document, tangible thing, or witness possibly relevant to the Parties' claims or defenses, nor does it concede the relevance of the information it discloses here. These disclosures are made without waiving any of the following rights: (1) the right to object on the grounds of competency, privilege, the work product doctrine, relevance, materiality, undue burden, hearsay, or any other proper ground to the production or use of any such information, for any purpose, in whole or in part, in this action or any other action; and (2) the right to objection on any and all grounds, at any time, to any other discovery request or proceeding

involving or relating to the subject matter of these disclosures.

Subject to these objections and qualifications, RMC provides the following information and disclosures in accordance with subsections (i) through (iv) of Rule 26(a)(1)(A):

## RULE 26(a)(1)(A) INITIAL DISCLOSURES

### I. Individuals Likely to Have Discoverable Information

Based on information currently available to RMC, it identifies the following individuals and entities that are likely to have discoverable information relating to Ms. Degeyter's claims and RMC's defenses. Current and former employees of Defendant should be contacted only through RMC's counsel of record in this proceeding.

| Name | Contact Information | Subjects of Information |
|---|---|---|
| Paul Bardwell, Chief Operations Officer, RMC | c/o Bryce Benson Akerman, LLP 2001 Ross Avenue, Suite 3600 Dallas, Texas 75201 Bryce.benson@akerman.com Tel: 214-720-4300 | Facts and circumstances concerning RMC's relationship with marketing vendors; RMC's records keeping process; RMC's records demonstrating prior express consent to contact Ms. Degeyter's telephone number; RMC's processing of leads and obtaining prior express consent; RMC's records on text messages sent. |

| Name | Contact Information | Subjects of Information |
|---|---|---|
| Cindi Degeyter | c/o Avi R. Kaufman<br>Kaufman P.A.<br>400 NW 26th Street<br>Miami, Florida 33127<br>kaufman@kaufmanpa.com<br>Tel: 305-469-5881 | Facts and circumstances concerning instances of Ms. Degeyter's related Internet browsing history; Facts and circumstances concerning ownership of the telephone number at which she allegedly received the disputed text messages including, but not limited to, the customary usage of such number and placement of such phone number on the Do-Not-Call Registry; Facts and circumstances concerning the website or websites linked in the text messages. |

## II.     Documents

Pursuant to Rule 26(a)(1)(A)(ii), RMC identifies by category the following documents, reasonably accessible electronically stored information, data compilations, and tangible things that are or may be in the possession, custody or control of RMC and/or that RMC currently and reasonably believes it may use to support claims or defenses: (1) RMC may rely upon documents concerning any prior express consent to contact Ms. Bryson's telephone number; (2) RMC may rely on documents concerning text messages it has sent or not sent; and (3) RMC may rely on documents concerning an agreement to arbitrate this dispute and a class action waiver.

## III.    Damages Computation

At this time, RMC is seeking damages for breach of contract. RMC has been damaged in having to defend this lawsuit, which is itself a breach of contract. In addition to attorney's fees and costs, RMC will seek recovery of any other consequential damages incurred as a result of Ms. Degeyter's breach.

## IV.	Insurance

RMC is not presently aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse RMC made to satisfy the judgment.

> Respectfully submitted,
>
> */s/ C. Bryce Benson*
> C. Bryce Benson
> Texas Bar No. 24031736
> bryce.benson@akerman.com
> Michael B. Hess
> Texas Bar No. 24095710
> michael.hess@akerman.com
> **AKERMAN LLP**
> 2001 Ross Avenue, Suite 3600
> Dallas, Texas 75201
> Tel: 214-720-4300
> Fax: 214-981-9339
> **COUNSEL FOR DEFENDANT RESOURCE MARKETING CORPORATION, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, this 17th day of June 2021.

> */s/ C. Bryce Benson*
> C. Bryce Benson